| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | JS-6 |

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 23-7670-JFW(AGRx)** | Date: November 6, 2023 |
| Title: | Eric Crain -v- Intelifi, Inc. | |

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>   15 U.S.C None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>   None |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [filed 10/13/2023; Docket No. 24]**

    On October 13, 2023, Plaintiff Eric Crain ("Plaintiff") filed a Motion for Remand.  On October 23, 2023, Defendant Intelifi Inc. ("Defendant") filed its Opposition.  On November 1, 2023, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for November 13, 2023 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    On May 16, 2023, Plaintiff filed a Complaint against Defendant in Los Angeles County Superior Court, alleging claims for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x and defamation.

    According to the California Secretary of State's website, Defendant's registered agent for service of process is Howard Elyashar with an address of 8383 Wilshire Blvd., Suite 1024, Beverly Hills, CA 90211.  On June 6, 2023, Plaintiff's process server attempted service at Mr. Elyashar's listed Beverly Hills address.  However, the receptionist at that address refused to accept service, and informed Plaintiff's process server that service would only be accepted at Mr. Elyashar's Encino office address (16255 Ventura Blvd., Suite 1018, Encino, CA 91436).  Accordingly, on June 7, 2023, as directed by the Beverly Hills receptionist, the process server left a copy of the Summons, Complaint, and other documents with the receptionist at the Encino office address, and thereafter, on June 8, 2023, mailed copies of those documents to the Encino office address.  Notably, the website for Mr. Elyashar's business (Elyashar & CO.) identifies both the Beverly Hills

address and Encino office address as addresses for the business   On June 14, 2023, Plaintiff filed a Proof of Service in Los Angeles County Superior Court, indicating service on Defendant.

On August 10, 2023, Defendant's counsel informed Plaintiff's counsel that his firm was retained to represent Defendant in this action and requested copies of the Complaint and Proof of Service, and he requested a 30-day extension to respond to Plaintiff's Complaint.  Shortly thereafter, Plaintiff's counsel emailed Defendant's counsel the Complaint and Proof of Service and agreed to the requested extension.

Thirty-four days later, on September 14, 2023, Defendant filed its Answer in Los Angeles County Superior Court.  Defendant did not allege insufficient process as an affirmative defense in its Answer.  That same day, Defendant filed a Notice of Removal of Action Pursuant to 28 U.S.C. § 1441(b), alleging that its removal was timely under 28 U.S.C. § 1446(b) because Defendant was not properly served with the Summons and Complaint.

Plaintiff now moves to remand on the grounds that Defendant failed to remove this action within "30 days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

## II.    LEGAL STANDARD

A complaint must be removed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). While the 30-day time limit is procedural rather than jurisdictional, "the time limit is mandatory and a timely objection to a late petition will defeat removal[.]" *Smith v. Mylan, Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (internal quotation marks omitted).

Although 28 U.S.C. § 1446(b) is not a model of clarity, the Supreme Court has squarely held that a defendant's thirty days do not begin to run until defendant has been formally served with process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.")

## III.   DISCUSSION

As an initial matter, Plaintiff argues that Defendant waived its right to argue that service of process was insufficient or defective because it failed to affirmatively raise the issue in its Answer.  The Court agrees.  By filing its answer in Los Angeles County Superior Court without raising any objections to service, Defendant has waived or forfeited any objections to the claimed defective service.  *See, e.g.*, *Fireman's Fund Ins. Co. v. Sparks Construction, Inc.*, 114 Cal.App.4th 1135, 1147 (2004).

In any event, the Court concludes that the substituted service at the registered agent's Encino office was sufficient and effective.  Pursuant to California Code of Civil Procedure §

416.10(a), "[a] summons may be served on a corporation by delivering a copy of the summons and the complaint . . . . [t]o the person designated as agent for service . . . ." And, pursuant to California Code of Civil Procedure § 415.20(a):

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10 . . ., a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. . . . Service of a summons in this manner is deemed complete on the 10th day after mailing.

It is undisputed that Howard Elyashar is Defendant's registered agent for service of process. Although the Court recognizes that Howard Elyashar was served at a different office than the one listed on the California Secretary of State's website, it is also undisputed that Howard Elyashar's company website lists two alternative offices -- the Beverly Hills office listed on the California Secretary of State's website as well as the Encino office where he was served. Moreover, it is also undisputed that the receptionist at the Beverly Hills office refused service and directed the process server to serve Howard Elyashar at the Encino office. Notably, Defendant's declaration does not contest that Howard Elyashar maintains his principal office at the Encino address. In light of these undisputed facts, the Court concludes that service was effective on the 10th day after mailing the summons and complaint to Howard Elyashar's Encino office pursuant to California Code of Civil Procedure § 415.20(a) or June 18, 2023.

Moreover, Plaintiff emailed a copy of both the Complaint and Proof of Service on August 10 2023, which provided actual notice to Defendant of the pending action.

Accordingly, in light of the fact that Defendant filed its Notice of Removal more than thirty days after service was effective and more than thirty days after it received actual notice of the pending action, the Court concludes that removal was untimely pursuant to 28 U.S.C. 1446(b).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand is **GRANTED**. This action is **REMANDED** to Los Angeles County Superior Court.

IT IS SO ORDERED.